FILED
2021 FEB 9
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CARRIE SPANGLER, <br><br> Plaintiff, <br> v. <br><br> UNIVERSITY OF UTAH, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING [7] MOTION TO DISMISS <br><br> Case No. 2:20-cv-00265-CMR <br><br> Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to Magistrate Judge Cecilia M. Romero conducting all proceedings, including entry of final judgment (ECF 12). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendants University of Utah, Craig H. Selzman (Selzman), and Thomas K. Varghese, Jr.'s (Varghese) (collectively, Defendants) Motion to Dismiss (ECF 7) (the Motion) certain claims asserted in Plaintiff Carrie Spangler's (Plaintiff) Complaint (ECF 2). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(f). For the reasons set forth below, the court GRANTS the Motion.

## I.     DISCUSSION

Plaintiff's claims arise from her involvement in the Department of Surgery, Division of Cardio-Thoracic (CT) Surgery fellowship program at Defendant University of Utah under the supervision of Division Chief Defendant Selzman and Program Director Defendant Varghese. Plaintiff's Complaint asserts the following ten causes of action against Defendants: (1) Failure to Accommodate in violation of Section 504 of the Rehabilitation Act; (2) Retaliation in violation of § 504; (3) Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964 (Title VII); (4) Gender Discrimination in violation of Title VII; (5) Retaliation in violation of Title VII;

(6) Gender Discrimination in violation of Title IX of the Education Amendments of 1972 (Title IX); (7) Retaliation in violation of Title IX; (8) Interference and Retaliation in violation of the Family Medical Leave Act (FMLA); (9) Gender Discrimination, Harassment, and Retaliation in violation of the Equal Protection Clause under 42 U.S.C. § 1983; and (10) Due Process violation under § 1983.

Defendants request dismissal of several of these claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim (ECF 7).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A pleading that offers "labels and conclusions," consists of "a formulaic recitation of a cause of action's elements," or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient.  *Twombly*, 550 U.S. at 555–557.  The court will address each of Defendants' arguments for dismissal in turn.

### A. First through Seventh Causes of Action

Defendants argue that Plaintiff's First through Seventh Causes of Action are subject to dismissal under Rule 12(b)(6) to the extent they assert claims for individual liability against Defendants Selzman and Varghese (ECF 7 at 5).  Plaintiff responds that she is not asserting such claims and stipulates to their dismissal (ECF 13 at 4–5).  In light of the parties' stipulation, the court GRANTS Defendants' Motion to Dismiss Plaintiff's First through Seventh Causes of Action as to claims against Defendants Selzman and Varghese.

### B. Eighth and Tenth Causes of Action

Defendants seek dismissal of official capacity claims for monetary damages in Plaintiff's Eighth and Tenth Causes of Action under Rule 12(b)(1) on the grounds of Eleventh Amendment immunity (ECF 7 at 6–9; ECF 14 at 2–3). In response, Plaintiff clarifies that these causes of action assert only official capacity claims for injunctive relief in the form of reinstatement (ECF 13 at 5–6). Given that the parties are in agreement, the court GRANTS Defendants' Motion to Dismiss Plaintiff's Eighth and Tenth Causes of Action as to official capacity claims for damages.

### C. Ninth Cause of Action

Defendants argue that Plaintiff's retaliation claim under the Equal Protection Clause asserted in her Ninth Cause of Action is subject to dismissal under Rule 12(b)(6) because this is not a cognizable claim in the Tenth Circuit (ECF 7 at 10). In support, Defendants rely on *Teigen v. Renfrow*, 511 F.3d 1072 (10th Cir. 2007), which held that "[t]he mere illegality of a retaliatory action under a separate body of law does not make the resulting classification so illegitimate, irrational, or arbitrary as to violate the Equal Protection Clause." *Id.* at 1086. Plaintiff attempts to distinguish this case by arguing that unlike the plaintiffs in *Teigen*, Plaintiff is a member of the suspect classification of gender, putting her retaliation claim within reach of the Equal Protection Clause (ECF 13 at 6–7).

Shortly after the parties submitted their briefs, the Tenth Circuit issued its decision in *Wilcox v. Lyons*, 970 F.3d 452 (10th Cir. 2020), which explicitly rejected the argument that a pure retaliation claim is actionable under § 1983 as a violation of the Equal Protection Clause. The Tenth Circuit "join[ed] the vast majority of circuit courts" who "have held that the Equal Protection Clause cannot sustain a pure claim of retaliation," concluding that "[t]o the extent a public employee links an alleged retaliatory action to her gender, that allegation would constitute

3

part of an equal protection discrimination claim, not a freestanding retaliation claim." *Id.* at 461. Accordingly, because the court agrees that Plaintiff's retaliation claim is not cognizable in the Tenth Circuit, the court GRANTS Defendants' Motion to Dismiss Plaintiff's Ninth Cause of Action as to her retaliation claim for violation of the Equal Protection Clause under § 1983.

## II. CONCLUSION

In summary, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (ECF 7) is GRANTED;
2. Plaintiff's First through Seventh Causes of Action are dismissed as to Defendants Selzman and Varghese;
3. Plaintiff's Eighth and Tenth Causes of Action are dismissed as to official capacity claims for damages; and
4. Plaintiff's Ninth Cause of Action is dismissed as to the retaliation claim for violation of the Equal Protection Clause under § 1983.

IT IS SO ORDERED.

DATED this 9 February 2021.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah